UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Thelma Lewis,<br>      Plaintiff,<br><br>          v.<br><br>Town of Moncks Corner; Moncks Corner Police Department; and Chief Rick Ollic, individually and in his official capacity as Chief of Police for the Moncks Corner Police Department,<br>      Defendants. | CASE NO.: 2:20-cv-02575-RMG-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to the Title VII of the US Civil Rights Act of 1964, and racial discrimination under 42 U.S.C. §1981, as amended, and on the basis of gender (female), Title VII of the US Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., in violation of the South Carolina Human Affairs Law.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

    a. A charge of employment discrimination on basis of race and gender discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from EEOC on or about April 13, 2020.

    c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. Plaintiff, Thelma Lewis, is a citizen and resident of Berkeley County, South Carolina.

4. Defendant, Town of Moncks Corner, upon information and belief, is a municipal corporation organized under the laws of the State of South Carolina.

5. Defendant, Moncks Corner Police Department, upon information and belief, is a municipal corporation organized under the laws of the State of South Carolina.

6. Defendant, Chief Rick Ollic, upon information and belief, is a citizen and resident of Berkeley County, South Carolina.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. The Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The Defendants are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. The Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

11. The parties, matters, and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

12. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

13. The Plaintiff, an African American female, began working for Defendants in or around June 2004 as a Police Officer. That at all times relevant, the Plaintiff was effective and efficient at her work.

14. In or around 2016, when Defendant Chief Rick Ollic became the Chief of the Moncks Corner Police Department, Plaintiff was subjected to constant and repeated harassment and racial and gender discrimination by Chief Ollic.

15. Chief Ollic would constantly use racial slurs towards Plaintiff and would call Plaintiff derogatory names regarding her gender. One example is in or about February or March 2019, Chief Ollic called Plaintiff a "stupid black bitch" after Plaintiff assisted in a lawful arrest.

16. On another occasion, Plaintiff walked in on Chief Ollic "venting" about her while he was calling her a "bitch" and other racial terms. When she questioned him about it and asked if she had done anything wrong, Chief Ollic responded that everyone needs to "vent" sometimes. All of which was witnessed by the Captain at that time.

17. Plaintiff would report the racial and gender discrimination to her Supervisor, but nothing was ever done or investigated, due to her harasser being the Chief of Police.

18. In or around October 2019, Plaintiff was not given a pay raise even though two other white male Sergeants in her department, Sgt. Anclair and Sgt. Hoffer, were given pay raises, despite Plaintiff being in a higher position than those Sergeants.

19. In retaliation for her complaints, the Plaintiff was exposed to even more constant and repeated racial and gender discrimination by Chief Ollic. On or about October 25, 2019, Plaintiff was constructively discharged due to the constant and repeated racial and gender discrimination she received by Defendants.

20. Despite Plaintiff reporting the inappropriate behavior, the Defendants did not take appropriate action to resolve the problems.

21. It was the duty of the Defendants, by and through their agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII

22. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

23. At all times the Plaintiff was performing her job satisfactorily.

24. The Plaintiff is a member of a protected group on the basis of her sex and gender.

25. The Plaintiff was discriminated against and denied equal pay due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

26. Similarly situated male employees received preferential treatment by not receiving a pay raise and Plaintiff did not receive the pay raise even though she had a higher position.

27. The Plaintiff engaged in a protected activity by reporting the Defendants' unlawful employment practices and filing a charge with the EEOC.

28. These events were unwelcomed to the Plaintiff and were sufficiently severe or pervasive so as to constitute a hostile work environment.

29. The aforesaid harassment to which the Plaintiff was subjected was permitted to continue by the Defendants, despite knowledge that it was occurring.

30. The Defendants were wanton, reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to promote or continue to employ the Plaintiff due to her sex and gender; and

    b. In constructively discharging the Plaintiff due to her sex and gender as a result of her opposing the Defendants' unlawful employment practices and for filing reports of the discrimination with the EEOC.

31. The Defendants violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), by allowing the sex and/or gender discrimination and preferential treatment, harassment and retaliation to exist in the workplace.

32. That in failing to protect the Plaintiff from sex and/or gender discrimination, harassment and retaliation or preferential treatment, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), the South Carolina Human Affairs Law and Equal Employment Opportunity Commission.

33. As a direct and proximate result of the Defendants' discrimination on the basis of sex and/or gender, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

34. The Defendants' employment discrimination and discharge of the Plaintiff has caused, continues to cause, and will continue to cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

35. Due to the acts of the Defendants, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, to include punitive damages, attorney's fees and costs, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay, and all other remuneration to which she may be entitled by law.

## FOR A SECOND CAUSE OF ACTION
**Retaliation**

36. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

37. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on her race, color or national origin, Plaintiff was constructively discharged from her position in retaliation for asserting her rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

38. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

39. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of Defendants' retaliation as alleged above.

40. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

41. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
### Hostile Work Environment

42. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

43. Once Plaintiff asserted her rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act, Plaintiff was subjected to adverse terms and conditions almost on a daily basis by the Defendants causing a hostile work environment.

44. That the aforesaid discharge of Plaintiff's employment by the actions of the Defendants, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C.S §2000e et seq.).

45. As a direct and proximate result of the acts and practices of Defendants in creating a hostile environment in the workplace, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life and other past and future losses.

## REQUEST FOR RELIEF

46. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

47. Due to the acts of the Defendants, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay, and other work benefits.

48. By reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4.  Judgment in favor of the Plaintiff and against the Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5.  Judgment in favor of the Plaintiff and against the Defendants for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.  Judgment against the Defendants, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

**WIGGER LAW FIRM, INC.**

*s/Christopher Bojarski*
Christopher Bojarski  (Fed. I.D. # 13195)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
Telephone:     (843) 553-9800
Facsimile:     (843) 553-1648

North Charleston, South Carolina
July 10, 2020

6