IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON  DIVISION

| | | |
|---|---|---|
| Thelma Lewis, | ) | |
| | ) | C.A. No. 2:20-cv-02575-RMG-MGB |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ANSWER** |
| | ) | |
| Town of Moncks Corner; Moncks Corner | ) | |
| Police Department; and Chief Rick Ollic, | ) | |
| individually and in his official capacity as | ) | |
| Chief of Police for the Moncks Corner | ) | |
| Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Town of Moncks Corner ("the Town"),  Moncks Corner Police Department ("MCPD"); and Chief Rick Ollic ("Chief Ollic"), individually and in his official capacity as Chief of Police for the Moncks Corner Police Department answer the Complaint as follows:

**FOR A FIRST DEFENSE**

I.     The Complaint fails to state facts sufficient to constitute a cause of action.

**FOR A SECOND DEFENSE**

II.     Certain of Plaintiff's allegations exceed the scope of the administrative charge of discrimination and are thus barred for failure to exhaust administrative remedies.

**FOR A THIRD DEFENSE**

III.     To the extent Plaintiff failed to satisfy conditions precedent for filing suit, her claims are barred and should be dismissed.

## FOR A FOURTH DEFENSE

IV.     To the extent Plaintiff seeks relief for alleged discrete actions of discrimination and/or retaliation that occurred more than 300 days before she filed her charge of discrimination, her claims are procedurally barred and/or time barred.

## FOR A FIFTH DEFENSE

V.     Some of Plaintiff's claims are time-barred under the applicable statutes of limitations, the doctrine of laches, and unclean hands.

## FOR A SIXTH DEFENSE

VI.     Any award of damages should be barred or limited to the extent that the relief demanded by Plaintiffs is improper, inappropriate, exceeds the scope of permissible damages and remedies, and/or otherwise is not available under the laws upon which the claims rest.

## FOR A SEVENTH DEFENSE

VII.     Plaintiff's claim for monetary relief is limited and/or foreclosed by the doctrine of avoidable damages due to her failure to mitigate.

## FOR AN EIGHTH DEFENSE

VIII.     The actions taken by Defendants were made for legitimate business reasons, in good faith, and without malice or intent to discriminate.  Defendants acted at all times in accordance with Title VII and all state and federal laws.

## FOR A NINTH DEFENSE

IX.     Defendants exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by her employer or to avoid harm otherwise.

## FOR AN TENTH DEFENSE

X.     Defendants deny any discriminatory motive. Regardless, Defendants assert that they would have taken the same action absent any impermissible motivating factor.

## FOR AN ELEVENTH DEFENSE

XI.     Plaintiff's exclusive and preemptive state law remedy for any physical, emotional, or mental injury she claims arose out of and in the course and scope of her employment is under the South Carolina Workers' Compensation Act, and any such injuries as alleged in the Complaint, if substantiated, would be barred pursuant to S.C. Code § 42-1-540.

## FOR A TWELFTH DEFENSE

XII.     The Complaint was not properly served and should be dismissed for insufficient process and insufficient service of process.

## FOR A THIRTEENTH DEFENSE

XIII.     Any award of damages to Plaintiff should be limited or precluded pursuant to the after-acquired evidence defense, as may be applicable.

## FOR A FOURTEENTH DEFENSE

XIV.     The natural defendant is immune from liability for damages on Plaintiff's federal claims under the doctrine of qualified immunity and pleads qualified immunity as a complete defense to the claims against him.

## FOR A FIFTEENTH DEFENSE AND BY WAY OF ANSWER

XV.     A.     Each allegation of the Complaint not hereinafter expressly admitted is denied.

B.     Defendants respond to the allegations of the Complaint by paragraph numbers corresponding to the respective paragraph numbers of the Complaint as follows:

1.     This is a jurisdictional allegation requiring no response.

3

2.      This is a conclusion of law requiring no response.

3.      Defendants admit, upon information and belief, that Plaintiff is a resident of Berkeley County, South Carolina.

4.      Denied.  The Town of Moncks Corner is a political subdivision of the State of South Carolina and, among other things, operates a police department within the Town's jurisdiction.

5.       Denied.  The Moncks Corner Police Department is a department within the Town of Moncks Corner.

6.      Admitted.

7.      Denied as alleged.

8.      This is a conclusion of law requiring no response.

9.      This is a conclusion of law requiring no response.

10.     This is a conclusion of law requiring no response.

11.     This is a jurisdictional allegation requiring no response.

## STATEMENT OF FACTS

12.     Defendants incorporate their responses to the foregoing allegations of the Complaint as if set forth verbatim.

13.      Defendants admit that Plaintiff is an African American female and that she worked for the MCPD from approximately 2004 until 2009 when she resigned.  Plaintiff again worked at the MCPD from approximately 2010 until October of 2019 when she resigned a second time.  Defendants deny that she was effective and efficient at her work and deny any remaining allegations.

14.      Denied.

15.     Denied.  Defendants specifically deny that Chief Ollic ever used racial slurs or derogatory names.

16.     Denied.  Defendants specifically deny that Chief Ollic ever used such language about Plaintiff and deny that Plaintiff ever confronted him about the alleged derogatory language.

17.     Denied.  Plaintiff never complained about Chief Ollic.

18.     Denied as alleged.  Defendants admit only that Plaintiff was given a one percent merit-based raise in June of 2019.  She was subsequently demoted one rank in October of 2019 from Sergeant to Corporal due to serious performance deficiencies with no change to her pay.

19.     Denied.  Plaintiff never made discrimination complaints and was never exposed to discrimination.  Plaintiff chose to resign on or about October 25, 2019.

20.     Denied.  Plaintiff did not report inappropriate behavior.

21.     Denied.

## AS TO THE FIRST CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII

22.     Defendants incorporate their responses to the foregoing allegations of the Complaint as if set forth verbatim.

23.     Denied. Plaintiff was deficient in her job performance and was demoted by one rank in October 2019 with no change to her pay or benefits.

24.     Admitted upon information and belief.

25.     Denied.

26.     Denied.

27.     Denied.

5

28.     Denied.

29.     Denied.

30.     Denied, including all sub-parts.  Defendants specifically deny that they failed to promote Plaintiff or that they constructively discharged her.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

## AS TO THE SECOND CAUSE OF ACTION
### Retaliation

36.     Defendants incorporate their responses to the foregoing allegations of the Complaint as if set forth verbatim.

37.     Denied.  Defendants particularly deny that Plaintiff was an exemplary employee and that Plaintiff reported discrimination.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

## AS TO THE THIRD CAUSE OF ACTION
### Hostile Work Environment

42.     Defendants incorporate their responses to the foregoing allegations of the Complaint as if set forth verbatim.

43.     Denied.

44.     Denied.

45.     Denied.

## **REQUEST FOR RELIEF**

46.     Defendants incorporate their responses to the foregoing allegations of the Complaint as if set forth verbatim.

47.     Denied.

48.     Denied.

C.     Defendants deny Plaintiff's prayer for relief.

WHEREFORE, having fully answered the Complaint, Defendants request that this action be dismissed and it be awarded its costs, attorneys' fees and such other and further relief as the Court may grant.

s/L. Marshall Coleman Newton_____
L. Marshall Coleman Newton (FID 11175)
Derwood L. Aydlette III (FID 5036)
GIGNILLIAT, SAVITZ & BETTIS, L.L.P.
900 Elmwood Avenue, Suite 100
Columbia, South Carolina  29201
Phone: (803) 799-9311 / Fax:  (803) 254-6951
mnewton@gsblaw.net
daydlette@gsblaw.net

August 7, 2020

Columbia, South Carolina                ATTORNEYS FOR DEFENDANTS